Frank F. Fee, appellee, v. Chicago, Burlington & Quincy Railway Company, appellant.

Filed January 23, 1909. No. 15,399.

1. **Railroads:** Injury to Animals: Instructions: Harmless Error. In an action against a railway company for damages for killing horses on its track at a point where the law requires its right of way to be fenced, an instruction which permits plaintiff to recover by proving the fence or gates insufficient to prevent the horses from going upon the track, and that the horses were killed by defendant's train on its track, is not prejudicial, when the undisputed evidence shows that the horses went upon the railway track at the defective or insufficient gate.

2. **Trial: INSTRUCTIONS: DIRECTING VERDICT.** An instruction which directs a jury to find for the defendant if a certain state of facts is proved is not equivalent to a direction to find for the plaintiff if any of the facts therein enumerated are not proved.

APPEAL from the district court for Harlan county: ED L. ADAMS, JUDGE. *Affirmed.*

*James B. Kelby, H. F. Rose* and *F. E. Bishop,* for appellant.

*John Everson* and *Gomer Thomas, contra.*

GOOD, C.

This action was brought to recover for the value of two horses killed on defendant's railway track at a point where defendant was required to fence its right of way. Plaintiff alleged that the fences and gates along defendant's right of way had been allowed to become and remain in a bad state of repair, and that by reason of the condition of the fences and gates plaintiff's horses went upon the track and were killed. The answer was a general denial. Plaintiff had judgment, and defendant has appealed.

The evidence shows that defendant's railway track runs through the farm occupied by plaintiff; that there are three farm crossings on the farm and a gate on each side of the track at each of the crossings. The record shows that the horses were killed on defendant's track at or near the middle crossing. So far as disclosed by the record, defendant's section foreman was the first person who saw the horses after the accident. He testified that the gate at the crossing was open. There is nothing to disclose who left the gate open, nor whether it was open when the horses went upon the track. The evidence tended to show that the fence was in good repair. As to the condition of the gates, the evidence was in conflict. Defendant's evidence tended to show that they were in a good state of repair and were sufficient, when closed, to prevent horses

and other live stock from going upon the track. Plaintiff's evidence tended to show that one of the gates was in a bad state of repair, that it was wholly insufficient to turn live stock, and that live stock had passed back and forth through the gate when closed. The gate is what is commonly known as a "wire gate," and consisted of a number of wires fastened to the gate-post at one end and to a pole or stake at the other. The pole or stake was then fastened up to the opposite gate-post, thus stretching the wires and forming a gate. Plaintiff's evidence showed that a number of wires were broken at the post, and some were broken at the stake or pole; that "the wires were loose and hung low." The evidence is undisputed that the horses went upon defendant's right of way at this gate. Whether the gate was left open and the horses went through the gateway, or whether the gate was closed and the horses went over it because it was insufficient, is unknown.

Defendant contends that the evidence is insufficient to support the verdict. We do not think this contention sound. From the plaintiff's evidence the jury were warranted in finding that the gate was wholly insufficient to prevent the horses from going upon the track, and so found. It was immaterial whether the gate was open or closed, because the closing of the gate would have formed no barrier and would not have prevented the horses from going upon the track.

The court instructed the jury as follows: "It is incumbent upon the plaintiff, before he is entitled to recover, to prove to you by a preponderance of the evidence that the defendant did not keep and maintain its fence in such condition as to render it sufficient to prevent horses and cattle from getting on the track, and, if he so proves, and that his horses were killed, and the value thereof, then your verdict should be for such sum as you find he has sustained by reason of the killing of his horses. On the other hand, if you find under the evidence in this case that the defendant has erected a fence and gates at the

place where the accident is claimed to have happened, and that the fence and gates were sufficient to prevent cattle and horses from getting upon the track, then your verdict should be for the defendant." Plaintiff assails this instruction, and contends that it made the company liable if it did not keep and maintain its fence in such condition as to prevent horses and cattle from getting on the track, regardless of whether or not the horses entered through the fence or through the gate by reason of any insufficiency or defect in them, and that proof on the part of the plaintiff of the insufficiency of the fences or gates imposed liability upon the defendant, regardless of whether the animals came through the fence or gates which were defective, or by reason of the defect. We think the instruction is subject to the criticism made. But defendant concedes that the horses entered the company's right of way at the gate. Plaintiff's evidence was amply sufficient to show that the gate was insufficient and constituted no barrier to the horses going upon the right of way. Under the instruction, the jury could not find for plaintiff unless it found that the gate was insufficient to prevent the horses from going upon defendant's right of way. It is clear that the jury so found, and, the evidence showing that the horses entered the right of way at the place so found to be defective and insufficient, we think the conclusion is inevitable that the horses went upon the track by reason of or in consequence of the insufficient and defective gate. The failure of the court to direct the jury that the horses must have come upon the right of way in consequence of the insufficient or defective gate was therefore not prejudicial to the defendant. If there had been any dispute or contention as to whether the horses went upon the right of way at the place where the gate was defective and insufficient, then the instruction would have been prejudicially erroneous.

The court further instructed the jury that, if some one other than the company left the gate or gates open, they being sufficient to turn stock, and the horses strayed upon

the track and were killed, the company would not be liable, and their verdict should be for the defendant. Defendant contends that this instruction makes liability follow for failure to maintain the fence and gate in a condition which the jury. may think sufficient, and where the loss may have resulted from an entirely foreign cause. The instruction is not subject to the criticism made. It nowhere directs a finding for the plaintiff. The instruction directed a finding for the defendant if a certain state of facts .was found to exist. It is not equivalent to directing a verdict for plaintiff if any of the facts therein were not found to exist. The most that can be contended for is that the instruction did not state defendant's theory of the case as strongly as it was entitled to have it stated. What has been said with respect to the first instruction is applicable to the present instruction.

We find no prejudicial error in the record, and therefore recommend that the judgment. of the district court be affirmed.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.